UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

MARITES FAELDONEA,

    *Plaintiff*,

vs.

PPI, INC., a Florida corporation d/b/a
ISLE CASINO RACING POMPANO PARK,
fictitiously a/k/a THE ISLE CASINO AND
RACING AT POMPANO PARK, fictitiously,

    *Defendant*.
_____/

# COLLECTIVE ACTION COMPLAINT

COMES NOW, the Plaintiff, MARITES FAELDONEA, on behalf of herself and all others similarly situated, by and through his undersigned counsel, and sues the Defendant, PPI, Inc., a Florida corporation d/b/a ISLE CASINO RACING POMPANO PARK, Fictitiously a/k/a THE ISLE CASINO AND RACING AT POMPANO PARK, Fictitiously, and alleges as follows:

    1.    That Plaintiff, a former employee of Defendant, brings this collective action on behalf of herself and all other similarly situated employees of Defendant, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

    2.    That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

    3.    That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff, and others similarly situated, were citizens and residents of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendant was the employer of the Plaintiff, and others similarly situated, was conducting business in this judicial district, was an 'employer' under the FLSA, and an enterprise engage in commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C § 203(r) and 203(s).

6. Based upon the information and belief, the annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum at all times material hereto.

7. That the Plaintiff, MARITES FAELDONEA, was hired as non-exempt poker dealer employee, by the Defendant from February 2014 through April 2015.

8. That Plaintiff, and others similarly situated, were poker dealers at the Defendant's casino, and were paid as 'tipped' employees under the FLSA.

9. That, during Plaintiff's employment and others similarly situated, Defendant claimed a 'tip-credit' for the Plaintiff and others similarly situated, and consequently paid these employees below the statutorily required minimum wage under the FLSA.

10. That, in order for Defendant to claim a 'tip-credit', the Plaintiff and other similarly situated must be informed of the provisions of the 'tip-credit', and all tips received by the Plaintiff, and others similarly situated, must be absolutely retained by the Plaintiff, or pooled with other 'tipped' employees.

11. That Defendant, however, failed to comply with the 'tip-credit' requirements pursuant to the FLSA by including, *inter alia* managers, cashiers and other non-tipped

employees, as 'tipped' employees that then received a portion of the tips of the Plaintiff and other similarly situated poker dealers.

12. That Defendant's failure to comply with the FLSA 'tip-credit' requirements results in Defendant's inability to claim a 'tip-credit' for the Plaintiff and others similarly situated.

13. That Defendant, unable to claim a 'tip-credit', is required, therefore, to compensate the Plaintiff and others similarly situated, with at least the applicable minimum wage.

14. That Defendant willfully refused to properly compensate the Plaintiff, and other similarly situated, for minimum wage in violation of the FLSA, as the aforementioned 'tip-credit' was claimed despite the fact that Defendant had failed to comply with the 'tip-credit' requirements under the FLSA.

15. All records concerning the number of hours actually worked by the Plaintiff, and others similarly situated, are in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

16. The Plaintiff, however, will exert his collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff and others similarly situated.

## **COUNT I - FLSA**

The Plaintiff, and others similarly situated, incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

16. The Plaintiff, and others similarly situated, are entitled to minimum wage for all hours worked pursuant to the FLSA.

17. By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiff, and others similarly situated, have suffered damages.

**WHEREFORE**, Plaintiff, MARITES FAELDONEA, on behalf of herself and all others similarly situated, demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MARITES FAELDONEA, on behalf of herself and all others similarly situated, demands trial by jury of all issues triable as of right by a jury.

Dated this 22nd day of March, 2017.

Respectfully submitted,

**WHITELOCK & ASSOCIATES, P.A.**
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Tel: (954) 463-2001 Fax: (954) 463-0410
E-mail: cjw@whitelocklegal.com
Counsel for Plaintiff

/s/ Christopher J. Whitelock_____
Christopher J. Whitelock, Esq.
Florida Bar No. 067539
DAVID FRANK
Florida Bar No. 93906